OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Crawford County Bar Association v. Nicholson.
[Cite as Crawford Cty. Bar Assn. v. Nicholson (1993)        Ohio St.3d        .]
Attorneys at law -- Misconduct -- Suspended six-month
    suspension -- Undignified or discourteous conduct
    degrading to a tribunal -- Conduct adversely reflecting on
    fitness to practice law.
    (No. 93-391 - - Submitted April 6, 1993 - - Decided June 30, 1993.)
    On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-41.

By complaint filed June 22, 1992, relator, Crawford County Bar Association, charged respondent, Thomas G. Nicholson of Bucyrus, Ohio, Attorney Registration No. 0039741, with violations of the Code of Professional Responsibility:  inter alia, DR 7-106(C)(6) (undignified or discourteous conduct which is degrading to a tribunal), and 1-102(A)(6) (conduct adversely reflecting on his fitness to practice law).

By answer filed July 7, 1992, respondent denied, in part, and admitted, in part, the allegations of the complaint. He asserted that he had not engaged in conduct that was undignified, discourteous or degrading to a tribunal; that he had not engaged in sexual innuendo or rudeness to court officials; that his letter to court officials regarding the erroneous case number 269 was a joke and was not intended to be offensive; and that his published letters to the editor relative to certain judges and a bankruptcy trustee were expressions of opinion, protected by his right to free speech guaranteed by the First Amendment to the United States Constitution; but he admitted he had a misdemeanor assault conviction.

Testimony and exhibits were presented to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on December 2, 1992.  The panel found that respondent had engaged in inappropriate conduct.  He admitted that in the case of United States v. $4,391.08, N.D. Ohio No. 5:  90CV2228, he had inserted a vulgarity in the margin of an interrogatory.  He claimed the comment had been inserted out of

his exasperation at oppresive, irrelevant interrogatories and that he failed to erase it, prior to submission, through inadvertence.

During final argument in an intense criminal trial, he used a rude gesture of the middle finger, which he claimed was in response to a similar gesture from the judge. Respondent's gesture was observed by at least one of the jurors, who was offended by it.

While discussing a pending case in a telephone conversation with a female court official, he made a gratuitous comment that he was sitting in his office with his girlfriend on his lap, caressing her thigh. This comment was offensive to the court employee.

He wrote to female employees in Judge Henson's court in response to a notice of assignment that listed a case as No. 269 (rather than the correct No. 500). The letter stated: "I appreciate your office appointing me as appellate counsel for Herb Taylor, however you have the wrong case # on the order. I thought Herb's case # was 500! Of course if you foxy females who work for Judge Henson are trying to be coy, go ahead and throw this letter away as I would be glad to do case # two sixty nine with you! If you know what I mean." This was taken as sexual innuendoes, but respondent contends it was a joke.

He wrote published letters to the editor criticizing Judge Bender, because of the judge's refusal to appoint particular counsel requested by indigent defendants; Judge Christ, because of his refusal to set bail as required by law; and a bankruptcy trustee, because of perceived defects in the bankruptcy system and procedures.

The panel found that respondent used inappropriate and disrespectful language on the margin on an interrogatory in a federal case, that respondent admitted using a finger gesture to a judge, and that his claim that the gesture was in response to a similar gesture from the judge was unsupported. The panel found that this conduct violated DR 7-106(C)(6). The panel also found that respondent's conduct relative to the assault conviction and sexual innuendo violated DR 1-102(A)(6) because his actions were inappropriate and unprofessional.

The panel found that respondent violated DR 7-106(C)(6) with regard to the letter concerning Judge Christ, citing EC 8-6 and observing that a lawyer as a citizen has a right to criticize officials but must avoid intemperate statements that tend to lessen public confidence in our legal system. As to the letter concerning Judge Bender, the panel found only that respondent had "violated the canons," and cited only EC 8-6, relying on its characterization of the letter as "intemperate." In reaching this conclusion the panel did not state that respondent had violated any Disciplinary Rule. As to the letter concerning the bankruptcy trustee, the panel found "no violations of canons," again without referring to the Disciplinary Rules.

The panel stated that the constitutional question raised by the respondent was beyond its "authority to determine the generic constitutionality of the canon in relationship to the First Amendment." The panel quoted with approval In re Sawyer (1959), 360 U.S. 622, 646-647, 79 S. Ct. 1376, 1388, 3 L. Ed.2d 1473, 1489: "Obedience to ethical precepts may require

abstention from what in other circumstances might be constitutionally protected speech." (Stewart, J., concurring in result.)

The panel's recommended sanction was that respondent receive a public reprimand and be ordered to comply with recommendations from a psychologist, and to comply with reasonable directions of a monitor appointed by relator during a probationary term of one year.

The board ratified the findings of fact and recommendation of the panel and further recommended that the costs of these proceedings be taxed to respondent.

John L. Spiegel and John Andrew Motter, for relator.
Thomas G. Nicholson, pro se.

Per Curiam. The board found that respondent violated DR 7-106(C)(6) on the basis of a letter to the editor. However, DR 7-106(C)(6) governs only conduct by a lawyer "appearing in his professional capacity before a tribunal." We find no violation of DR 7-106(C)(6) as to any of respondent's letters to the editor. We concur in the rest of the board's findings. However, we modify the recommended sanctions. Thomas G. Nicholson is hereby suspended from the practice of law in Ohio for six months, with the six-month suspension suspended. His conduct is to be monitored by the Crawford County Bar Association for a probationary period of one year. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.
Pfeifer, J., not participating.